UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HANAN S. RASHADA, | ) | CASE NO. 1:07 CV 1055 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ALBERTO R. GONZALES, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On April 11, 2007, this action filed by plaintiff pro se Hanan S. Rashada was transferred to this court from the United States District Court for District of Columbia. For the reasons stated below, this action is dismissed.

The complaint alleges plaintiff has sought information from the United States Office of the Attorney General under the Freedom of Information Act. In particular, it is alleged, inter alia, she has sought information concerning sexual assault and harassment "by mysterious operatives facilitating intelligence technologies and other equipment." Plaintiff "can detect when operatives using invisibility and other technologies are present in her apartment (and elsewhere) by sensing them and by what she has described as electronic pulsating movements anywhere she may be

both inside her apartment and sometimes in places of business." She has felt "zaps" to her leg while in bed, and suspects that pain in her knee was the result of something put in her dinner at Applebee's Restaurant by intelligence personnel who were annoyed by her FOIA requests. She believes that various comic strips are somehow connected with her difficulties.

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Given the most liberal construction, the complaint does not contain allegations remotely suggesting plaintiff might have a valid federal claim, or setting forth a reasonable basis for jurisdiction. This action is therefore appropriately subject to summary dismissal. Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999);

2

see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988)(recognizing that federal question jurisdiction is divested by unsubstantial claims).

Accordingly, this action is dismissed. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: June 11, 2007         s/ James S. Gwin
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE