UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| HANAN S. RASHADA, | : | CASE NO. 1:07-CV-1055 |
| | : | |
| Plaintiff, | : | JUDGE JAMES S. GWIN |
| | : | |
| vs. | : | ORDER & OPINION |
| | : | [Resolving Doc. 15.] |
| ALBERTO R. GONZALES | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 23, 2007, Plaintiff Hanan S. Rashada filed a "Complaint for Records and Information That Do Not Fall Under the Purview of the Freedom of Information and Privacy Act" in the U.S. District Court for the District of Columbia. [Doc. 1.] On February 28, 2007, Judge James Robertson issued an Order transferring this case to the Northern District of Ohio. [Doc. 2.] On June 11, 2007, the Court issued an Order and Opinion dismissing the case for failure to state a valid claim or reasonable basis for jurisdiction. [Doc. 13.] On June 14, 2007, Plaintiff filed a Motion for Refund of Filing Fee, seeking return of the $350.00 paid to the U.S. District Court for the District of Columbia when Plaintiff originally filed her complaint. [Doc. 15.]

"The Judicial Conference has a longstanding policy prohibiting the refund of fees, with narrow exceptions, e.g., when fees are collected without authority or as a result of administrative error on the part of the clerk's office." JCUS-MAR 05, p.11. Indeed, the "Conference's current policy regarding refunding filing fees, in effect since 1949, has been broadly interpreted to generally prohibit refunds of fees due upon filing, even if a party filed the case in error, or the court dismissed the case or proceeding." Memorandum from the Admin. Office of the U.S. Courts to Chief Judges,

Case No. 1:07-CV-1055
Gwin, J.

U.S. Dist. Courts (Apr. 7, 2006) (citing JCUS-MAR 49, p. 202.).

The Conference's policy developed out of requests for refunds within bankruptcy proceedings. JCUS-MAR 49 ("It is the sense of the Conference that no part of the filing fee of $45.00 paid upon filing of a bankruptcy proceeding is refundable upon the subsequent dismissal of the proceedings. . . ."). To this day, "[w]ith the exception of *in forma pauperis* proceedings, neither Congress nor the Judicial Conference has authorized exceptions to the fees due upon filing the original request for relief." ADMIN. OFFICE OF THE U.S. COURTS, BANKRUPTCY FEE COMPENDIUM III (April 2006). "Nevertheless, the clerk must refund any fee collected without authority. For example, the clerk has no authority to collect a fee to reopen a case unless the case is closed." *Id.*

In the instant case, although Plaintiff's Complaint has been dismissed, the case was not originally filed in error. Likewise, fees were not collected without authority or as a result of administrative error on the part of the clerk's office. Plaintiff fully intended the Court to rule upon the merits of her Complaint. However, the Court cannot simply refund the filing fee every time a case is dismissed for failure to state a cause of action. Finally, Plaintiff has never moved the Court to permit her to proceed *in forma pauperis*. As such, Plaintiff has failed to provide any grounds that would justify an exception to the Court's long-standing policy of refusing to refund filing fees.

Therefore, the Court hereby **DENIES** Plaintiff's Motion for Refund of Filing Fee.

IT IS SO ORDERED.

Dated: June 20, 2007                    s/     *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE